NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MITCHELL REED SUSSMAN, | No. 20-55563 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-00612-JVS-MAA |
| v. | |
| PLAYA GRANDE RESORT, S.A. DE C.V, a Mexico corporation; DOES, 1- 10, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 4, 2021**
Pasadena, California

Before: GOULD, LEE, and VANDYKE, Circuit Judges.

Appellant Mitchell Sussman appeals the district court's order granting

Appellee Playa Grande Resort's motion to dismiss under Federal Rule of Civil

Procedure 12(b)(2) for lack of personal jurisdiction. We have jurisdiction under 28

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we review dismissals under Rule 12(b)(2) de novo. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017). We affirm.

1. Playa Grande operates a resort in Cabo San Lucas and offers timeshares. It has no presence in California other than a P.O. box in Los Angeles to receive payments. Sussman, a California-based attorney, wrote a letter to Playa Grande on behalf of Washington-based timeshare clients, stating that they wished to cancel their timeshare membership. Playa Grande wrote back to the timeshare members, explaining that their membership had not been canceled and suggesting that Sussman had misled them. Sussman then sued Playa Grande in California for libel per se.

2. Playa Grande is not subject to specific jurisdiction in California. Where, as here, a suit involves tortious conduct, we employ a purposeful direction analysis to determine whether a defendant has sufficient contacts with the forum to establish specific jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801–02 (9th Cir. 2004). This requires us to apply the "effects test"—set forth in *Calder v. Jones*, 465 U.S. 783 (1984)—which is satisfied if a defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, [and] (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citations omitted).

The parties do not dispute that Playa Grande committed an intentional act by

2

sending the letter to the timeshare members. But the letter was not expressly aimed at California. To satisfy the express aiming requirement, the relationship between the defendant, the forum, and the suit "must arise out of contacts that the defendant *himself* creates with the forum State." *Morrill*, 873 F.3d at 1143 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)) (emphasis in original). Here, the lawsuit did not arise out of any contacts that Playa Grande initiated with California.

The letter concerned a dispute over a timeshare in Mexico and addressed potential harm that could be suffered by Washington residents. It was not circulated in California or read by anyone residing in California. The only link between Playa Grande's letter and California is that it discussed the allegedly wrongful actions of Sussman—an attorney licensed to practice in California—and suggested that the timeshare members may want to seek disciplinary action against Sussman for misleading them. But this does not establish express aiming, as "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285.

Sussman argues that the letter was expressly aimed at California because Playa Grande knew that he practiced law in California, that any disciplinary action would occur there, and that any reputational harm would be felt there. But a defendant's knowledge of the plaintiff's forum connections, coupled with foreseeable harm to the plaintiff in the forum, is insufficient to meet the express aiming standard. *See Axiom Foods*, 874 F.3d at 1069–70. And when we have found

3

express aiming in cases involving reputational harm, the defendant's conduct included publication in the forum state, which is absent here. *See, e.g.*, *id.* at 1071; *Schwarzenegger*, 374 F.3d at 807.

As the express aiming requirement of the *Calder* effects test has not been met, Sussman cannot show that Playa Grande's actions were purposefully directed at California. Playa Grande thus does not have sufficient contacts with California to support the exercise of specific jurisdiction.

3. Playa Grande is also not subject to general jurisdiction in California. It is not registered to do business in California, nor does it have employees, agents, representatives, or an office in the state. And while it does maintain a single P.O. box in California for the purpose of receiving payments from its United States customers, that is not enough to constitute "connections to the forum state [that] 'are so "continuous and systematic" as to render [Playa Grande] essentially at home in the forum State.'" *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1020 (9th Cir. 2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Moreover, Playa Grande's website is accessible to people all over the world and does not establish general jurisdiction in California simply because California residents can access it. *See Schwarzenegger*, 374 F.3d at 801.

As neither specific nor general jurisdiction can be exercised over Playa Grande, dismissal for lack of personal jurisdiction was proper.

**AFFIRMED.**